**The parties submitted the below Proposed Order, which the Court reviewed and approved.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAVIER TAMES, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>DESARROLLADORA HOMEX, S.A.B. DE C.V. a/k/a HOMEX DEVELOPMENT CORP., GERARDO DE NICOLÁS GUTIÉRREZ, and CARLOS MOCTEZUMA VELASCO,<br><br>        Defendant. | Case No.: 2:17-cv-01416-JMA-ARL<br><br>Hon. Judge Joan M. Azrack<br><br>Hon. Magistrate Judge Arlene R. Lindsay |

**~~[PROPOSED]~~ ORDER AWARDING ATTORNEYS' FEES AND EXPENSES**

WHEREAS, this matter came on for hearing on September 16, 2020 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and payment of litigation expenses, including the Lead Plaintiff's request for reimbursement pursuant to the PSLRA. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and litigation expenses requested,

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1. This Order incorporates by reference the definitions in the Stipulation of Settlement dated May 5, 2020 filed with the Court on May 15, 2020 (Dkt. No. 23) (the "Stipulation"), and

all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3. Notice of Lead Counsel's motion for an award of attorneys' fees and payment of litigation expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and payment of litigation expenses satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

4. There have been no objections to Lead Counsel's request for attorneys' fees or litigation expenses.

5. Lead Counsel are hereby awarded attorneys' fees in the amount of $100,000, or 28.6% of the Settlement benefit ($300,000 in cash and up to $50,000 for the payment of Notice and Administration Expenses by Homex), and $30,892.32 in payment of Lead Counsel's litigation expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable.

6. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

    (a) The Settlement has created a fund of $300,000 in cash that will be funded into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Lead Counsel;

2

  (b) More than 10,857 copies of the Notice have been mailed to potential members of the Settlement Class and there have been no objections to the fee or expense request;

  (c) The fee sought by Lead Counsel has been reviewed and approved as reasonable by the Lead Plaintiff;

  (d) Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

  (e) The Action raised several complex issues and had been litigated for more than two years, and continued litigation would have been extensive and lengthy;

  (f) Had Lead Counsel not achieved the Settlement, there was a significant risk that Lead Plaintiff and the other Settlement Class Members may have recovered less or nothing from Defendants, and Lead Counsel would have received no fees;

  (g) Lead Counsel devoted over 431 hours, with a lodestar value of $288,064.75 to prosecute the actions; and

  (h) The amount of attorneys' fees awarded, and litigation expenses to be paid, from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

7. Any appeal or any challenge affecting this Court's approval of any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

8. Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

9. In the event that the Settlement is terminated, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

10. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

DATED this __**14th**__ day of __**December**__, 2020

BY THE COURT:

/s/ (JMA)
―――――――――――――――――――
THE HONORABLE JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE